IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01975-PAB-KMT

DELBERT SGAGGIO,

    Plaintiff,

v.

BRETT POOLE et al.,

    Defendants.

## ORDER

This matter is before the Court on the City Defendants' Motion to Consolidate Related Cases [Docket No. 67].[1] The City Defendants seek to consolidate this case ("Case No. 19-cv-01975") with two other cases: *Candace Sgaggio v. John Suthers et al.*, Case No. 21-cv-00163-RBJ ("Case No. 21-cv-00163"); and *Christian Diaz v. Marcus Allen et al.*, Case No. 21-cv-00193-CMA-KMT ("Case No. 21-cv-00193"). Docket No. 67 at 1. The City Defendants state that none of the other defendants in any of the three cases opposes consolidation. *Id.* at 1–2. Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. This is the case with the lowest case number.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions

---

[1] The "City Defendants" refers to the City of Colorado Springs ("City"), Brett Poole, Roger Vargason, Danielle McClarin, Angie Nieves, Brett Lacey, (former) Police Chief Pete Carey, Jeffrey True, Carlos Sandoval, Sam Hausman, Kirk Montgomery, Marcus Allen, Ronald Shepard, Paul Kavanaugh, Tyler Bresson, Nicholas Hamaker and Eric Anderson. Docket No. 67 at 1.

before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Wright & Miller, *Fed. Prac. & Proc.* § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

The City Defendants argue that consolidation is appropriate because the three cases are against four Colorado Springs police officers and concern two visits to plaintiffs' church, Greenfaith Ministry. Case No. 19-cv-01975, Docket No. 67 at 2 (citing Case No. 19-cv-01975, Docket No. 65 at 50; Case No. 21-cv-00163, Docket No. 44 at 4, 6; Case No. 21-cv-00193, Docket No. 21 at 5). In particular, the City Defendants highlight a January 21, 2019 visit by Allen to Greenfaith Ministry common to all cases. *Id.* (citing Case No. 19-cv-01975, Docket No. 65 at 45–48; Case No. 21-cv-00163, Docket No. 44 at 6–17; Case No. 21-cv-00193, Docket No. 21 at 5–11). The City Defendants also cite to an April 20, 2019 incident outside of Greenfaith Ministry involving defendants Bresson and Hamaker. *Id.* (citing Case No. 19-cv-01975, Docket No. 65 at 50–51; Case No. 21-cv-00163, Docket No. 44 at 19–23; Case No. 21-cv-00193, Docket No. 21 at 14–15, 18–19). According to the City Defendants, each complaint mentions that plaintiffs contacted Anderson about Bresson's and Hamaker's

conduct. *Id.* at 3 (citing Case No. 19-cv-01975, Docket No. 65 at 52–53; Case No. 21-cv-00163, Docket No. 44 at 23–25; Case No. 21-cv-00193, Docket No. 21 at 16–18). These allegations, the City Defendants contend, form the basis of three claims, discussed in each case, against Allen, Bresson, Hamaker, and Anderson. *Id.* (citing Case No. 19-cv-01975, Docket No. 65 at 74–79; Case No. 21-cv-00163, Docket No. 44 at 47–52; Case No. 21-cv-00193, Docket No. 21 at 14–16).

The City Defendants also highlight fourteen common questions of law in all three cases, including whether Allen, Bresson, and Hamaker violated plaintiffs' First Amendment rights to freely exercise their religion and retaliated against plaintiffs; whether Anderson is liable in a supervisory capacity for these alleged violations; whether Allen, Bresson, Hamaker are liable under the Fourth Amendment for unreasonable searches and seizures; whether Anderson is liable in a supervisory capacity for these alleged violations. *Id.* at 5–6. The City defendants also explain that all three actions have at least five common defendants, are all in early stages of litigation, and are all effectively brought by Mr. Sgaggio. *Id.* at 6–10.

Mr. Sgaggio responds that Case No. 19-cv-01975 deals with violations that occurred decades ago, including being unconstitutionally placed on a gang list in the 1990s, and concerns multiple criminal enterprises in Colorado Springs and multiple illegal searches and seizures in various locations beyond his church, including at 1150 Fillmore Street in 2010, 5219 Constitution Avenue in October 2011, 3750 Astrozon Boulevard, and 1150 North Academy Boulevard. Case No. 19-cv-010975, Docket No. 65 at 1–4. Case No. 19-cv-01975 also involves allegations of a robbery and removal of Facebook posts in violation of the First Amendment. *Id.* at 4–5. The other cases, Mr.

3

Sgaggio claims, have nothing to do with these allegations. *Id.* at 6. Mr. Sgaggio also denies that he has represented the other plaintiffs, yet acknowledges that he has associated with them. *Id.* at 10. Finally, Mr. Sgaggio asks that, if the Court finds consolidation warranted, the cases are consolidated before Judge Jackson or Judge Arguello. *Id.* at 15.

The Court finds that, though there are questions of law and fact that are common to the three cases, particularly involving police interaction with plaintiffs and others at Greenfaith Ministry, the matters are sufficiently different from each other to preclude consolidation of all three. Case No. 21-cv-00163 appears to concern primarily three similar claims of interference with Candace Sgaggio's religious practices on July 10, 2017, January 21, 2019, and April 20, 2019. *See generally* Case No. 21-cv-00163, Docket No. 44. Case No. 21-cv-00193 involves police interference with religious practices at Greenfaith Ministry on January 21, 2019 and April 20, 2019. *See generally* Case No. 21-cv-00193, Docket No. 21. However, as Mr. Sgaggio states in his response to the motion, Case No. 19-cv-01975 involves alleged violations of Mr. Sgaggio's rights that occurred decades ago, including being placed on a gang list in the 1990s, criminal enterprises in Colorado Springs, and illegal searches and seizures beyond his church. Case No. 19-cv-010975, Docket No. 65 at 1–4. Given these differences, the Court finds that judicial efficiency would not be served by consolidation of the three matters and that consolidation would not result in a more expeditious or efficient resolution of plaintiffs' claims. *See Otter Prod., LLC v. Treefrog Dev., Inc.*, No. 11-cv-02180-WJM-KMT, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013); *Adams v. Veolia Transp.*, No. 11-

4

cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012).

Wherefore, it is

**ORDERED** that City Defendants' Motion to Consolidate Related Cases [Docket No. 67] is **DENIED**.

DATED August 23, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge