IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01975-PAB-MDB

DELBERT SGAGGIO,

    Plaintiff,

v.

BRETT POOLE et. al.,

    Defendants.

---

### ORDER

---

This matter comes before the Court on plaintiff Delbert Sgaggio's Opposed Motion for Relief Under Rule 60(b)(6) [Docket No. 82]. Defendants responded to Mr. Sgaggio's motion, Docket No. 83, and Mr. Sgaggio did not reply. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

Mr. Sgaggio initiated this action on July 9, 2019 alleging violations of his First, Fourth, and Fifth Amendment rights. *See generally* Docket No. 1. He filed an Amended Complaint on September 18, 2019, Docket No. 22, which Magistrate Judge Kathleen Tafoya struck for failure comply with Rule 8 of the Federal Rules of Civil Procedure. Docket No. 23. Mr. Sgaggio then filed a motion to file a second amended complaint, which Judge Tafoya denied because it also failed to comply with Rule 8. *Id.* at 3-4. On March 15, 2021, Mr. Sgaggio filed a Second Amended Complaint. Docket No. 65. On January 31, 2022, Judge Tafoya issued a recommendation in which she found that Mr.

Sgaggio had failed to correct the defects of his first amended complaint and, as a result, his second amended complaint did not comply with Rule 8.  Docket No. 71 at 4.  She recommended that the Court dismiss Mr. Sgaggio's second amended complaint and this case.  *Id.* at 4-5.  On October 27, 2022, the Court accepted the recommendation, dismissed the action, and terminated the case.  Docket Nos. 80, 81.

On November 21, 2022, Mr. Sgaggio filed an "Opposed Motion for Relief Under Rule 60(B)(6)" asking the Court to allow him to amend his complaint and move forward with two of the claims asserted in this case.  Docket No. 82 at 13.  Defendants filed a response opposing such relief.  Docket No. 83.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) states that relief after judgment is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.  *Zurich N. Am. v.*

*Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).  Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

Mr. Sgaggio appears in this case pro se, and the Court therefore must liberally construe his filings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, Mr. Sgaggio's pro se status does not excuse his obligation to comply with the same rules of procedure that govern other litigants.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  ANALYSIS

Mr. Sgaggio argues that the Court should allow him to amend his complaint and proceed with his case for two reasons.  *See generally* Docket No. 82.  First, although he concedes that his "amended complaint is comparable to a squirrels [sic] nest," Mr. Sgaggio nevertheless argues that two of his claims consist of a short and plain statement and therefore comply with Rule 8.  *Id.* at 11-12.  He argues that these two claims "are exceptionally clear" and asks the Court to "allow these claims to proceed."  *Id.* at 3.  Second, he appears to argue that the Court should grant his motion because these claims are meritorious and his lawsuit serves a public good.  He reiterates his factual allegations in support of his claims and concludes his motion by expressing his

3

hope that the Court "determines that . . . moving forward would be the best for both justice and liberty [and t]hat [his] actions are not only to defend [his] natural rights, but are for the good of the entire community." *Id.* at 4-14.

Nowhere in his motion does Mr. Sgaggio explain why the circumstances surrounding his case constitute grounds for relief under Rule 60(b)(6). Rule 60(b)(6) states that, in addition to the reasons enumerated in Rule 60(b)(1)-60(b)(5), the Court may relieve a party from a final judgment for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6). The Tenth Circuit has held that relief under this rule "may only be granted in exceptional circumstances." *Servants of the Paraclete,* 204 F.3d at 1009. Mr. Sgaggio offers no argument as to why the reasons he describes—that two of his claims comply with Rule 8 despite numerous rulings to the contrary and that his claims are meritorious and serve the public interest—justify relief under this rule. Furthermore, he identifies no "exceptional circumstances" warranting "extraordinary" relief. *See id*. Therefore, the Court will deny Mr. Sgaggio's motion.

## IV. CONCLUSION

It is

**ORDERED** that Mr. Sgaggio's Opposed Motion for Relief Under Rule 60(b)(6) [Docket No. 82] is **DENIED**.

DATED June 28, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge